# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-494 |
| STANLEY FOSS | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

**I.     BACKGROUND**

The defendant, Stanley Foss, pled guilty to Counts One through Four of the Indictment charging him as follows: In Count One with convicted felon in possession of explosives in violation of 18 U.S.C. § 842(i)(1)(a Class C felony); in Count Two with previously committed person in possession of explosives in violation of 18 U.S.C. § 842(i)(4)(a Class C felony); in Count Three with convicted felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1)(a Class C felony); and in Count Four with previously committed person in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(4)(a Class C felony); all arising from his unlawful possession of firearms, explosives, ammunition, and associated precursor chemicals and other paraphernalia on or about August 7, 2009 in Womelsdorf, PA.  The government recommends a sentence within the advisory guidelines range of 41 to 51 months.

**II.    SENTENCING CALCULATION**

    **A.    Sentencing Guidelines Calculation**

        1.     The government respectfully moves under U.S.S.G. § 3E1.1(b) that the Court decrease the offense level in this case by one level, in that the defendant timely notified the government of his intent to plead guilty and thereby permitted the government to avoid

preparing for trial and permitting the government and the court to allocate their resources efficiently. The calculations appearing in the PSR already reflect that decrease in anticipation of the Court's ruling on this motion.

2. The government concurs in the guidelines calculation that appears in the PSR (Total Offense Level = 21; Criminal History Category = II). This calculation results in a guidelines sentencing range of 41 - 51 months imprisonment.

## III. ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that an appropriate sentence is, as the government advocates, one within the advisory guideline range of 41 - 51 months imprisonment.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

### 1. The nature and circumstances of the offense and the history and characteristics of the defendant

The defendant engaged in a serious and dangerous offense. As a convicted felon, he was prohibited from possessing any firearm, let alone several, with one being a high-capacity rifle, and a large quantity of ammunition. To make matters worse, he also unlawfully accumulated explosive black powder and the implements necessary to produce explosive devices with that powder.

### 2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

The seriousness of the offense, as described above, is recognized and vindicated in the guidelines range.

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

### 3. The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant

For the reasons stated above, a sentence within the guidelines is necessary to afford both specific and general deterrence to criminal conduct. Such a sentence is also necessary to protect the public from further crimes of the defendant.

### 4. The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner

The defendant has a documented history of mental illness, which according to prior examinations by mental health experts recounted in the PSR, stemmed at least partly from his abuse of pain medications. The government recognizes that he may need treatment during his incarceration. The government believes that his treatment can be provided while the defendant serves a guideline sentence.

### 5-6. The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

While the sentencing guidelines are advisory, they remain the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Therefore, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process" in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Gall v. United States, 128 S. Ct. 586, 596 n.6 (2007). Here, there are no other 3553(a) factors which militate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guideline

punishment.

**7.     The need to provide restitution to any victims of the offense**

Restitution is not an issue in this case.

**IV.    CONCLUSION**

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a sentence within the advisory guideline range of 41 - 51 months imprisonment.

>
> Respectfully submitted,
>
> ZANE DAVID MEMEGER
> United States Attorney
>
>
> s/Joseph A. LaBar
> JOSEPH A. LaBAR
> Assistant United States Attorney

# CERTIFICATE OF SERVICE

       I certify that a copy of the foregoing Government's Sentencing Memorandum was served electronically to:

       A. Charles Peruto Jr., Esquire

       s/Joseph A. LaBar
       JOSEPH A. LaBAR

DATED: May 11, 2012